UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JPMorgan Chase Bank, National Association
1111 Polaris Parkway
Columbus, Ohio 43240,

       Plaintiff,

v.

Golden Ignot, LLP
c/o RF&L Service Corp.
920 North King Street, 2nd Floor
Wilmington, Delaware 19801,

321-426 Louisville Leasehold, LLC
c/o RF&L Service Corp.
920 North King Street, 2nd Floor
Wilmington, Delaware 19801,

Peter Weitz
21 East Chestnut, #15G
Chicago, Illinois 60611,

Greenstone Asset Management, LLC
c/o David J. Tomlinson
228 South Wabash, Suite 420
Chicago, Illinois 60604,

Inderjit Pangli
2020 Monteray Place
Abbotsford, B.C. V2S 7S2,

GI Louisville, LLC
c/o RF&L Service Corp.
920 North King Street, 2nd Floor
Wilmington, Delaware 19801,

       Defendants.

Case No. 3:14-CV-493-M

**JURY DEMAND
ENDORSED HEREON**

**COMPLAINT**

Plaintiff JPMorgan Chase Bank, National Association, for its Complaint against

Defendants Golden Ignot, LLP, 321-426 Louisville Leasehold, LLC, Peter Weitz, Greenstone Asset Management, LLC, Inderjit Pangli, and GI Louisville, LLC states as follows:

**PARTIES**

1.      JPMorgan Chase Bank, National Association ("Chase"), is a national banking association organized under the laws of Ohio with its main office in Columbus, Ohio. For the purposes of establishing diversity, Chase is a citizen of the state of Ohio. 28 U.S.C. § 1348.

2.      Golden Ignot, LLP ("Golden Ignot") is a Delaware limited liability partnership that owns real property in the Commonwealth of Kentucky.

3.      321-426 Louisville Leasehold, LLC ("Louisville Leasehold") is a Delaware limited liability company that holds an interest in real property in the Commonwealth of Kentucky.

4.      GI Louisville, LLC ("GI Louisville") is a Delaware limited liability company and is the sole member of Louisville Leasehold.

5.      Upon information and belief, Peter Weitz is a resident of the state of Illinois; a member and managing director of Greenstone Asset Management, LLC; Chief Manager of GI Louisville; and managing partner of Golden Ignot.

6.      Greenstone Asset Management, LLC ("Greenstone") is an Illinois limited liability company and, upon information and belief, is a member of Golden Ignot.

7.      Upon information and belief, Inderjit Pangli is a resident of British Columbia, Canada and a member of Golden Ignot.

## JURISDICTION AND VENUE

8.      The Court has jurisdiction over each defendant in accordance with 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the matter in controversy exceeds $75,000.

9.      Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

### Ground Lease Property

10.     Chase is party to a Lease Agreement dated August 1, 1981 ("Ground Lease"), whereby it leases property and improvements located in downtown Louisville, Kentucky from Read Associates, LLC, successor-in-interest to Lee S. Read, Jr., Trustee ("Landlord"). The street addresses for the leased property ("Ground Lease Property") are 321 South Fifth Street and 426 West Jefferson Street. A copy of the Ground Lease is attached hereto as Exhibit A.

11.     There is one building located on the Ground Lease Property at 321 South Fifth Street. Upon information and belief, that building was formerly operated as a fast-food restaurant but currently is unoccupied.

12.     There is one building located on the Ground Lease Property at 426 West Jefferson Street. Upon information and belief, a restaurant operates in that building, but the building otherwise is unoccupied.

13.     The initial term of the Ground Lease is 49 years, 153 days. The initial term expires on December 31, 2030.  Under the terms of the Ground Lease, the tenant has the option of renewing for an additional fifty-year term.

14.     Under the terms of the Ground Lease, the fixed rent due for the remaining term (from July 2014 through December 2030) is $5,128,483.50. The tenant also is liable for taxes,

utilities, and insurance associated with the Ground Lease Property and for percentage rent based on net cash flow.

15.     On August 8, 2007, Chase transferred nearly all of its interest in the Ground Lease Property and obligations under the Ground Lease by entering into an Agreement of Ground Sublease ("Ground Sublease") with BREOF BNK2 Louisville LLC ("BREOF Louisville"). A copy of the Ground Sublease is attached hereto as Exhibit B. The term of the Ground Sublease extends through at least 2030 and expires at 11:59 p.m. on the day preceding the scheduled expiration of the Ground Lease.

16.     Under the terms of the Ground Sublease, BREOF Louisville (as subtenant) was required to pay to Chase (as sublandlord), on a pass-through basis, the amount of rent due under the Ground Lease. BREOF Louisville was required to pay taxes, utilities, and insurance directly to the third parties entitled thereto. In the event BREOF Louisville or its assignee did not pay rent, taxes, utilities, or insurance, Chase remained liable to the Landlord and other third parties for those amounts.

17.     On February 19, 2013, pursuant to an "Assignment and Assumption of Sublease," BREOF Louisville assigned its rights and interests under the Ground Sublease to Louisville Leasehold. A copy of the Assignment and Assumption of Sublease is attached hereto as Exhibit C.

18.     The Assignment and Assumption of Sublease states that Inderjit Pangli entered into a Contract to Purchase Real Estate, dated November 17, 2012, with BREOF Louisville. Mr. Pangli is identified as Louisville Leasehold's predecessor in interest.

19.    Peter Weitz signed the Assignment and Assumption of Sublease for GI Louisville, which is Louisville Leasehold's sole member. Mr. Weitz is listed as GI Louisville's "Chief Manager."

20.    Under the terms of the Assignment and Assumption of Sublease, Louisville Leasehold agreed to assume all of BREOF Louisville's covenants, obligations, and liabilities under the Ground Sublease. Louisville Leasehold thus became the subtenant under the Ground Sublease.

21.    Pursuant to the Ground Sublease and Assignment and Assumption of Sublease, Louisville Leasehold is liable for all rent, taxes, utilities, and insurance accruing under the Ground Lease. The current fixed base rent owed by Louisville Leasehold $21,211.25 per month.

22.    Since Louisville Leasehold became the subtenant under the Ground Sublease (and thus became liable for all rent due under the Ground Lease, along with taxes, utilities, and insurance), Louisville Leasehold never has paid any amounts to Chase or to any third party.

23.    Cassidy Turley, the former property manager of the Ground Lease Property, informed Chase that Peter Weitz instructed Cassidy Turley not to make any payments to Chase concerning the Ground Lease Property.

24.    Louisville Leasehold owes past-due rent since March 2013 and failed to pay the taxes that have accrued since February 2013. In total, Louisville Leasehold currently owes Chase $355,295.84. As a result, Louisville Leasehold is in default and is liable to Chase for these amounts.

25.    Chase has notified Louisville Leasehold that it is in default. Copies of the notices of default that have been served on the defendants are attached hereto as Exhibit D.

26.    Because Chase remains liable under the Ground Lease, it has been paying rent to the Landlord and paying taxes, utilities, and insurance related to the Ground Lease Property without reimbursement.

### Office Properties

27.    Before Chase entered into the Ground Sublease with BREOF Louisville, Chase owned in fee simple two multistory office-building properties that are adjacent to the Ground Lease Property. These properties, located at 312 South 4th Street and 416 West Jefferson Street, are referred to as the "Office Properties."

28.    Contemporaneously with the execution of the Ground Sublease, Chase transferred its interests in the Office Properties to BREOF BNK2 Midwest LLC ("BREOF Midwest"). Chase and BREOF Midwest simultaneously entered into leases for space within office buildings located on the Office Properties in a sale-leaseback transaction ("Office Leases"). Chase currently occupies space in office buildings located on the Office Properties pursuant to the Office Leases.

29.    On February 19, 2013, contemporaneously with the Assignment and Assumption of Sublease between BREOF Louisville and Louisville Leasehold, BREOF Midwest transferred its interests in the Office Properties to Golden Ignot.

30.    Upon information and belief, Golden Ignot purchased the Office Properties from BREOF Midwest for $22 million. At the time, local media reported that Golden Ignot's investors were Inderjit Pangli and Greenstone. Local media also reported that Peter Weitz is Greenstone's managing director.

31.    BREOF Midwest assigned the Office Leases to Golden Ignot pursuant to an "Assignment and Assumption of Leases" dated February 19, 2013. A copy of the Assignment and Assumption of Leases is attached hereto as Exhibit E.

32.    The Assignment and Assumption of Leases agreements state that Inderjit Pangli entered into a Contract to Purchase Real Estate, dated November 14, 2012 (and subsequently amended on December 27, 2012 and January 17, 2013), with BREOF Midwest. Mr. Pangli is identified as Golden Ignot's predecessor in interest.

33.    Peter Weitz signed the Assignment and Assumption of Lease agreements on behalf of Golden Ignot as Golden Ignot's "Managing Partner."

34.    Pursuant to these transfers, Golden Ignot now is Chase's landlord under the Office Leases.

35.    Golden Ignot, Louisville Leasehold, and GI Louisville each were formed on February 1, 2013 by attorney Cary R. Califf. Upon information and belief, Golden Ignot, Louisville Leasehold, and GI Louisville are controlled by an ownership group involving Inderjit Pangli, Peter Weitz, and/or Greenstone.

## Alter Ego/Instrumentality Facts

36.    Louisville Leasehold and the other defendants—although superficially separate—operated as a single economic entity for purposes of acquiring fee-simple title to the Office Properties and the leasehold interest in the Ground Lease Property.

37.    Upon information and belief, Louisville Leasehold is a single-purpose entity created for the sole purpose of assuming the obligations of subtenant under the Ground Sublease.

38.    Based on Louisville Leasehold's immediate and continuing failure to pay rent, taxes, and other amounts due under the Ground Lease and Ground Sublease, it is apparent that

Louisville Leasehold never was capitalized or at the very least grossly undercapitalized for its sole corporate purpose.

39.     Upon information and belief, Louisville Leasehold does not have any employees of its own and is completely dominated and controlled by the other defendants.

40.     Upon information and belief, the defendants have otherwise failed to observe the formalities of Louisville Leasehold's corporate existence, including the nonpayment or overpayment of dividends and/or the siphoning off of funds.

41.     Louisville Leasehold does not operate independently of the other defendants and is merely a fictional entity created by the other defendants to avoid liabilities associated with the Ground Sublease. Louisville Leasehold therefore exists as a sham for the sole purpose of defrauding and/or unjustly harming Chase as a creditor.

42.     The undercapitalization and abuse of the corporate form of Louisville Leasehold has directly caused injury to Chase.

## COUNT ONE:
### Breach of Contract

43.     Paragraphs 1-42 are hereby incorporated by reference into this count of the Complaint.

44.     Under the terms of the Assignment and Assumption of Sublease, Louisville Leasehold agreed to assume all of BREOF Louisville's covenants, obligations, and liabilities under the Ground Sublease. Louisville Leasehold therefore is in privity with Chase as the subtenant under the Ground Sublease.

45.     Chase has performed all of its contractual obligations under the Ground Lease and Ground Sublease.

46.    By failing to pay the amounts due and owing to Chase and third parties under the terms of the Ground Lease and Ground Sublease, Louisville Leasehold has breached and is in default under the Ground Sublease.

47.    Pursuant to section 19 of the Ground Sublease, because it has become necessary for Chase to file suit to enforce its contractual rights, Chase also is entitled to collect its reasonable attorney fees and costs incurred in bringing this lawsuit.

48.    Chase has been injured as a result of Louisville Leasehold's default in an amount exceeding $75,000.

## COUNT TWO:
### Alter-Ego/Instrumentality Liability for Breach of Contract

49.    Paragraphs 1-48 are hereby incorporated by reference into this count of the Complaint.

50.    A court may disregard a corporate entity, thereby piercing the corporate veil, when the entity has been undercapitalized, there is a failure to observe the formalities of corporate existence, there is a nonpayment or overpayment of dividends, funds are siphoned off by the dominant member(s), and/or the majority member(s) have guaranteed corporate liabilities in their individual capacity.

51.    Upon information and belief, Louisville Leasehold was at all relevant times undercapitalized, the formalities of Louisville Leasehold's corporate existence have not been observed, dividends from Louisville Leasehold either have not been paid or have been overpaid, and Louisville Leasehold's funds have been siphoned off by its owners.

52.    Upon information and belief, Golden Ignot, Inderjit Pangli, Peter Weitz, Greenstone, and GI Louisville are exercising control over Louisville Leasehold, and Louisville Leasehold is completely influenced by Golden Ignot, Inderjit Pangli, Peter Weitz, Greenstone,

and GI Louisville. This control and influence are being exercised in such a way to defraud and/or unjustly harm Chase.

53.     Golden Ignot, Inderjit Pangli, Peter Weitz, Greenstone, and GI Louisville have treated Louisville Leasehold as their alter ego and mere instrumentality. There is such unity of ownership and interest among the defendants that the separate personalities of the individuals and entities cease to exist.

54.     Adherence to the normal attributes of Louisville Leasehold's corporate existence would sanction fraud, subject Chase to an unjust loss, and promote injustice.

55.     Based on the misuse of Louisville Leasehold's corporate form, Louisville Leasehold's corporate veil should be pierced to find Golden Ignot, Inderjit Pangli, Peter Weitz, Greenstone, and GI Louisville liable for Louisville Leasehold's breach of contract.

56.     Chase is entitled to judgment against the defendants in their individual capacities on account of Louisville Leasehold's breach of the Ground Lease and Ground Sublease.

Wherefore, Chase demands judgment as follows against all defendants:

A.     Compensatory damages in excess of $75,000, the precise amount to be determined at trial;

B.     Pre-and post-judgment interest;

C.     Attorney fees and all other costs incurred in bringing this lawsuit;

D.     Trial by jury on all issues so triable; and

E.     Such other relief the Court deems proper.

Respectfully submitted,

s/ Anthony M. Zelli
Anthony M. Zelli
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Phone: (502) 540-2300
Fax:    (502) 585-2207
Email:  anthony.zelli@dinsmore.com

Of counsel:

Charles E. Ticknor, III  (OH 0042559)
Martha Van Hoy Asseff (OH 0078502)
Gregory P. Mathews (OH 0078276)
(*pro hac vice* applications forthcoming)
DINSMORE & SHOHL LLP
191 West Nationwide Boulevard, Suite 300
Columbus, Ohio 43215
Phone: (614) 221-8448
Fax:    (614) 221-8590
Email:  charles.ticknor@dinsmore.com
        martha.asseff@dinsmore.com
        gregory.mathews@dinsmore.com

*Counsel for Plaintiff JPMorgan Chase Bank,
National Association*

3791115v1